UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CLINTON LAWSON,

                                  Plaintiff,

   v.                                                   9:25-CV-0459
                                                             (LEK/MJK)

CLINTON CORRECTIONAL FACILITY, et al.,

                                Defendants.
_____

APPEARANCES:

CLINTON LAWSON
Plaintiff, pro se
18-A-0027
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902


LAWRENCE E. KAHN
Senior United States District Judge

## MEMORANDUM-DECISION and ORDER

## I.    INTRODUCTION

Plaintiff Clinton Lawson commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Complaint."); Dkt. No. 10 ("IFP Application"). By Memorandum-Decision and Order entered on October 10, 2025, this Court granted Plaintiff's IFP Application, and following review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that Plaintiff's Eighth Amendment excessive force claims against Corrections Officers John/Jane Doe #1-3 survived sua sponte review and required a response. Dkt. No.

1

12 ("October 2025 Order").[1]  Because service could not be effectuated on the "Doe" defendants, the Court directed the Clerk of Court to send a copy of the Complaint and October 2025 Order to the New York State Attorney General's Office and requested that the New York State Attorney General's Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997), attempt to ascertain the full names of the "Doe" defendants.  *Id*. at 14-17.

On November 12, 2025, a representative from the New York State Attorney General's Office filed a letter in an effort to assist Plaintiff with identifying the "Doe" defendants.  *See* Dkt. No. 16 ("Status Report").  By Text Order filed on November 24, 2025, the Court directed Plaintiff to review the Status Report and, to the extent he was able to do so, submit a proposed amended complaint within thirty (30) days which substitutes one or more named defendants in place of one or more "Doe" defendants, and makes any other corrections necessary.  *See* Dkt. No. 17.

Presently before the Court is Plaintiff's amended complaint.  Dkt. No. 18 ("Amended Complaint").

## II.    SUFFICIENCY OF THE AMENDED COMPLAINT

### A.    The Complaint and October 2025 Order

In his original Complaint, Plaintiff alleged that he was assaulted by an unknown number of "Doe" corrections officials on or about March 10, 2025, during which time he was struck in the "face and body," sprayed with a chemical agent, and had his "religious headgear

---

[1] The Court dismissed Plaintiff's official capacity claims and Section 1983 claims against Clinton Correctional Facility with prejudice as barred by the Eleventh Amendment and for failure to state a claim upon which relief may be granted, and dismissed Plaintiff's First Amendment free exercise claims, Eighth Amendment medical indifference claims, Fourteenth Amendment due process claims, and Fourteenth Amendment equal protection claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  *See* October 2025 Order at 5-17.

2

forcefully removed" and hair "pulled from its roots." Compl. at 2-4.[2] The Complaint further alleged that plaintiff was subsequently denied medical treatment for his injuries and issued a misbehavior report charging him with wrongdoing of which he was found guilty and sentenced to 110 days of restrictive confinement. *Id*. at 3, 6, 8.

The Complaint was construed to assert the following Section 1983 claims against the named defendants in their individual and official capacities: (1) First Amendment free exercise claims; (2) Eighth Amendment excessive force claims; (3) Eighth Amendment medical indifference claims; (4) Fourteenth Amendment due process claims; and (5) Fourteenth Amendment equal protection claims. *See* October 2025 Order at 3.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), only Plaintiff's Eighth Amendment excessive force claims survived sua sponte review. *See* October 2025 Order at 5-17.

**B.    Review of the Amended Complaint**

Because Plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his Amended Complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the October 2025 Order and it will not be restated in this Decision and Order. *See* October 2025 Order at 3-5.

Plaintiff's Amended Complaint is materially similar to the original Complaint, except that Plaintiff has now identified the following officials in place of the "Doe" defendants: (1) Corrections Officer Friend; (2) Corrections Officer LaValley; (3) Corrections Officer Bullis; (4)

---

[2] Citations to Plaintiff's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

3

Corrections Officer Hart; (5) Corrections Officer Baker; (6) Corrections Officer Napper; (7) Corrections Sergeant Weaver; (8) Corrections Sergeant Perry; (9) Corrections Lieutenant Strack; and (10) Corrections Lieutenant Emerson.  See Am. Compl. at 2.

Liberally construed, the Amended Complaint asserts the following Section 1983 claims against the named defendants in their individual and official capacities: (1) First Amendment free exercise claims; (2) Eighth Amendment excessive force and failure-to-intervene claims; (3) Eighth Amendment medical indifference claims; (4) Fourteenth Amendment due process claims; and (5) Fourteenth Amendment equal protection claims.

Mindful of the requirement to liberally construe pro se pleadings, *see, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), Plaintiff's Eighth Amendment excessive force and failure-to-intervene claims against Corrections Officer Friend, Corrections Officer LaValley, Corrections Officer Bullis, Corrections Officer Hart, Corrections Officer Baker, Corrections Officer Napper, Corrections Sergeant Weaver, Corrections Sergeant Perry, Corrections Lieutenant Strack, and Corrections Lieutenant Emerson survive sua sponte review and require a response.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

Insofar as the Amended Complaint reasserts official capacity claims against the named defendants, or any other Section 1983 claims, the allegations in the pleading are materially similar to the allegations in the original Complaint. *Compare* Compl. at 2-4; *with* Am. Compl. 2-5. Accordingly, and for the reasons set forth in the October 2025 Order, each of Plaintiff's remaining Section 1983 claims are dismissed without prejudice, and his official capacity claims are dismissed with prejudice. *See generally*, October 2025 Order.

### III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 18) is accepted for filing and will supersede and replace the original complaint as the operative pleading; and it is further

**ORDERED** that the Clerk shall update the docket to add the following officials as defendants in place of the "Doe" officials: (1) Corrections Officer Friend; (2) Corrections Officer LaValley; (3) Corrections Officer Bullis; (4) Corrections Officer Hart; (5) Corrections Officer Baker; (6) Corrections Officer Napper; (7) Corrections Sergeant Weaver; (8) Corrections Sergeant Perry; (9) Corrections Lieutenant Strack; and (10) Corrections Lieutenant Emerson; and it is further

**ORDERED** that Plaintiff's Eighth Amendment excessive force claims against defendants Friend, LaValley, Bullis, Hart, Baker, Napper, Weaver, Perry, Strack, and Emerson **SURVIVE sua sponte review** and require a response; and it is further

**ORDERED** that Plaintiff's official capacity claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment, and for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that all remaining Section 1983 claims are **DISMISSED without prejudice** and without leave to renew pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with ten copies of the amended complaint, to the United States Marshal for service upon the defendants Friend, LaValley, Bullis, Hart, Baker, Napper, Weaver, Perry, Strack, and Emerson. The Clerk shall also forward a copy of the summons and amended complaint by

electronic mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that upon the completion of service, a response to Plaintiff's amended complaint be filed by defendants Friend, LaValley, Bullis, Hart, Baker, Napper, Weaver, Perry, Strack, and Emerson, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

_____
Lawrence E. Kahn
Senior U.S. District Judge
Dated: January 22, 2026